UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY LUCAS,<br><br>        Petitioner,<br><br>  -against-<br><br>COMMISSIONER OF OMH,<br><br>        Respondent. | 21-CV-8484 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner Troy Lucas, who is currently a patient in the Manhattan Psychiatric Center, a New York State facility under the Office of Mental Health, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated October 27, 2021, the Court granted Petitioner's application to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court denies the petition.

## STANDARD OF REVIEW

  The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir.

2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner brings his claims using the court's form, Petition for A Writ of Habeas Corpus Under 28 U.S.C. § 2254. In response to nearly every question on the form, Petitioner either checks the "no" box or writes "N/A," including questions asking for his name and information regarding the conviction he purports to be challenging, except to state that he pleaded guilty. (*See* ECF 2, at 1-6.)

In response to the question on the form asking him to state the grounds that support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States, Petitioner writes for Ground One: "Ms. [illegible] Paul messing around with staff member." (*Id.* at 5.) Where he is asked to describe facts supporting this ground for relief, Petitioner writes, "no cruel nor unusual punishment … policy states no male or female relationships at work." (*Id.*).

For his second ground for relief, Petitioner writes, "Ms. [illegible] Paul not doing her work." (*Id.* at 7.) In support of his second ground for relief, Petitioner writes, "citizenship … abolishment of slavery." (*Id.*)

In the section to state a third ground for relief, Petitioner writes, "Ms. [illegible] Paul acts like a nigger bitch and is constantly on her phone." (*Id.* at 8.) In support, he writes, "acts like she's 3/5ths." (*Id.*)

Finally, Petitioner writes for his fourth ground for relief, "Ms. [illegible] Paul eats residen[ts'] food." (*Id.* at 10.) In support, he writes, "75,000 for grounds of conviction it's prohibited to touch [illegible] for that serves a penalty of 500.00." (*Id.*)

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Here, Petitioner fails to specify the conviction he challenges or any grounds entitling him to *habeas corpus* relief. Moreover, Petitioner does not state facts suggesting that he is in custody on any conviction. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that he is not challenging his custody but rather the conditions of his current confinement at the Manhattan Psychiatric Center.

Because Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States, the Court denies the petition. If Petitioner seeks to bring a complaint concerning his current conditions, he is free to file a new civil action.[1]

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

---

[1] Petitioner filed a substantially similar petition, but brought under 28 U.S.C. § 2241, where he named "Kevin Booker (local rapper)" as the Respondent. *See Lucas v. Booker*, ECF 1:21-CV-8475, 2 (S.D.N.Y., filed Oct. 13, 2021). The petition, however, largely concerned Plaintiff's complaints about Booker and his alleged infringement of Petitioner's artistic material.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge